## Heffner *versus* Heffner.

1. A prior marriage renders a second marriage of one of the parties during the existence of the first absolutely void.

2. In an action by a female in her own name, the defendant alleged that the plaintiff was a married woman. The plaintiff offered to prove the declarations of the defendant to the effect that her alleged husband, at the time of his contracting marriage with her, had a wife in Germany. She also offered to prove that the said wife was living at the time of her marriage. *Held*, that the testimony was competent.

ERROR to the Common Pleas of *Bucks county*.

This was an action of ejectment to September Term, 1851, by Mary Heffner (formerly Mary Swartley) *v.* Jacob Heffner and another. Both parties claimed under Philip Swartley. He was the father of the plaintiff, and purchased the property for her in 1826 for the sum of $700. She paid $200, and Philip Swartley charged the balance, $500, to her in his book of advancements, and it was taken out of her share of his estate after his death. The deed for the property was made to plaintiff's father, but she went into possession soon after the purchase, having previously married one Andrew Weiss.

Weiss and his wife, the plaintiff, remained in possession four or five years, and then separated; soon after which Jacob Heffner married the plaintiff, her husband Weiss remaining in full life. Philip Swartley and wife made a deed for the property in dispute to Jacob Heffner, dated April 14, 1832, for the consideration of $700. He was then in possession with plaintiff, his wife, and remained living upon it until about the year 1848, when she left him, and applied for a divorce on the ground of ill treatment, which was decreed, December 6, 1850.

The plaintiff then brought this action of ejectment against Jacob Heffner, from whom she had been divorced, and Charles Heffner, his son and tenant. She claimed upon a parol agreement and part performance; and the declarations of Philip Swartley were given in evidence to prove that he had bought the land in dispute for the plaintiff, and that he had received $200 from her in cash, and charged $500 in his book of advancements. The book was in evidence, showing the charge, and the will of Philip Swartley, proved in 1840, showed a reference to the advancements made to his children. It being admitted that Andrew Weiss, the former husband of the plaintiff, and who lived with her when she took possession of the property in pursuance of the alleged purchase, *was still living, the plaintiff* offered " to prove, that Jacob Heffner, the defendant, said that Andrew Weiss had a

[Heffner v. Heffner.]

wife in Germany before he came to this country, and that she was living when he, Heffner, came to this country. She also offered to prove that Weiss was married to a woman in Germany at the time of his marriage with Mary Swartley, (the plaintiff), and that such wife was living at the time of the marriage of the plaintiff with Heffner."

"To this offer the defendants objected, on the ground that such previous marriage of Weiss would not render his marriage with plaintiff *ipso facto void*, but voidable only; furnishing ground for a dissolution of the marriage contract, but not *per se* annulling it."

This evidence was admitted, and exception was taken.

January 21, 1853, verdict for plaintiff.

It was assigned for error,—1. The Court erred in admitting the evidence to prove the former marriage of Andrew Weiss.

2. The Court of Common Pleas had not jurisdiction of the case, the grantor of plaintiff having died before the action of ejectment was commenced, thus giving exclusive jurisdiction *to the Orphans' Court.*

*Lear*, for plaintiffs in error.—It was contended that a prior marriage did not render a subsequent marriage of one of the parties void, but only voidable,—that it was merely a ground of divorce.

*Dallas*, on same side.—The offer was to prove a former marriage by hearsay.

*Du Bois*, contrà, the Court declined to hear.

The opinion of the Court was delivered by

KNOX, J.—A father bought a tract of land for his daughter for seven hundred dollars; two hundred of which was paid by the daughter, and the remaining five hundred by the father, who charged it to the daughter as an advancement.

The title was taken in the name of the father, but the daughter went into possession, and whilst there, married the defendant, Jacob Heffner, to whom the father made a conveyance. Subsequently, Heffner and wife were divorced. Mrs. Heffner brings this action of ejectment against her former husband, to recover possession of the land in dispute.

Upon the trial it was alleged by the defendant that the plaintiff had a husband in full life, one Andrew Weiss, to whom she was married before she married the defendant, and that therefore she could not recover in her own name.

To rebut this, the plaintiff offered " to prove that Jacob Heffner,

the defendant, had said that Andrew Weiss had a wife in Germany before he came to this country, and that she was living when he (Heffner) came to this country." Also to prove that Weiss was married to a woman " in Germany, at the time of his marriage with Mary Swartley; and was living, at the time of her marriage, with Heffner."

" To this offer the defendants object, on the ground that such previous marriage of Weiss would not render his marriage with plaintiff *ipso facto void*, but voidable only; furnishing ground for a dissolution of the marriage contract, but not *per se* annulling it."

To the admission of this evidence an exception was taken, and it is here assigned for error.

If it was necessary to establish the fact that Weiss had a wife in full life at the time he pretended to make a contract of marriage with the plaintiff, the evidence offered was clearly competent for such purpose. The objection was rather to the effect of the evidence than to the mode of proving it. As it appears from the counter statement that in the subsequent course of the trial this evidence was treated by the Court as of no consequence, and so the jury were instructed without objection on the part of the defendant, we would not reverse the judgment even if we were satisfied that it was erroneously received. But we think the evidence was competent to prove the allegation of the existence of a former marriage; and that such prior marriage, when established, would render void the second one. A man having a wife in full life is utterly powerless to make a valid contract of marriage, and his attempt to do so is entirely nugatory.

The remaining assignment of error, as to the jurisdiction of the Common Pleas, was abandoned on the argument.

Judgment affirmed.