## Klaas *v.* Klaas.

*Divorce—Act of* 1859*—Nullification—Marriage to person married void de facto.*

A marriage void by reason of bigamy on the part of one of the parties is none the less void because proceedings were not brought under the act of 1859 to declare the marriage void.

Respondent married believing her former husband to be dead. The libellant learning that he was still alive applied for a decree of nullification under the act of April 14, 1859. It appearing that respondent's alleged husband had been married before his marriage to her, it follows that libellant is not entitled to the decree of nullification.

Argued May 9, 1900. Appeal, No. 147, April T., 1900, by libellant, in suit of Albert R. Klaas against Marie Klaas, from decree of C. P. No. 2, Allegheny Co., July T., 1899, No. 395½, dismissing libel in divorce. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by W. W. PORTER, J.

Libel in divorce. Before SHAFER, J.

The following facts appear from the findings of the court below :

1. At some time about 1875, William Lake married one, Mary Morgan. Without any divorce from her, about 1880, he married one, Kate Rupplehauser, and without any divorce from either of them, in 1884 he married Marie Roth, the respondent.

2. In 1885 he was prosecuted in the quarter sessions of Allegheny county for bigamy, in contracting the last mentioned marriage with Marie Roth, and was convicted and sentenced to the Allegheny county workhouse, and his conviction and sentence remain unreversed.

3. In September, 1897, a license was procured by the libellant and respondent, and a marriage ceremony performed between them.

4. At, and before this marriage, respondent represented to libellant that she believed her husband, William Lake, to be dead, or that she had heard that he was dead, and that he was under the ruins of a large building which was thrown down by a wind storm in Pittsburg. Her statement that he was dead was believed by her husband although he made no inquiry except from her.

5. These parties lived together as husband and wife, and have a child about two years old. In May, 1899, the libellant first knew that William Lake was still living.

6. The said Mary Morgan and Kate Rupplehauser were both living in 1884, at the time of the marriage in question herein, and, so far as appears, are both living still.

The court concluded and stated as matter of law that [William Lake therefore never became the husband of the respondent, and accordingly she had no husband living when she married the libellant.] [4]

The court further stated in its opinion : [It is provided by the act of 1705, 1 Sm. L. 29, that, upon conviction of bigamy, the second marriage shall be void. This provision is not contained in the Act of March 31, 1860, P. L. 382, sec. 34, ar 1 P. L. 427, sec. 79, no doubt being omitted as unnecessary, but it would not seem that that part of the act of 1705 is repealed, and we are therefore of opinion that, if an adjudication of nullity is necessary to the validity of an after-contracted marriage, the conviction of bigamy is sufficient; but, being of opinion that the alleged marriage with William Lake was absolutely void, whether adjudged so or not in any form of proceedings, we do not deem it necessary to enter into a discussion of the effect of the conviction.] [5]

[The court below dismissed the decree in divorce.] [6]

Libellant appealed.

552 KLAAS v. KLAAS.

Assignment of Errors—Opinion of the Court. [14 Pa. Superior Ct.

*Errors assigned* were (1) in refusing to divorce libellant from respondent.   (2) In its fourth finding of fact, reciting same. (3) In its conception of the Act of April 14, 1859, P. L. 647, and also in stating : " Its only object is to authorize the courts to decree to be void a supposed marriage which is already ' absolutely void.'   The decree so made has no effect upon the status of the parties ; it simply affects the evidence of it and turns that which was before but matter of averment and proof into res judicata.   It is in this respect similar to the provisions for decreeing the existence of the facts which make a married woman a feme sole trader, and was enacted for a similar reason." (4, 5) To conclusions of law as stated in the opinion, reciting same.   (6) Refusing decree of divorce.

*Samuel A. Ammon*, for appellant.

*A. C. Robertson*, for appellee.

OPINION BY WILLIAM W. PORTER, J., July 26, 1900 :

The libellant married the respondent on September 7, 1897. The application is for a decree of nullification of the marriage under the provisions of the act of April 14, 1859, on the ground that the respondent had a husband living at the time of the marriage to the present libellant.   The respondent married one, William Lake, on August 14, 1884.   Believing Lake to be dead, she so represented the fact to the present libellant before marriage.   She now says that she made no positive assertion of his death, but only that she believed him to be dead.   In May, 1899, the libellant learned that Lake was still living.   He thereupon brought this proceeding.

The respondent in defense alleges that when she was married to Lake, he had a wife or wives living.   She claims that by reason thereof, her marriage to him was wholly void, and that, therefore, her marriage to the present libellant was legal. She further avers that Lake was convicted of bigamy in 1885, and by reason of this conviction his marriage to the respondent was rendered void, under the provisions of the act of March 31, 1860.

The question for decision, therefore, is whether in the eye of the law the respondent had a husband living at the time she

married the libellant.  The act of 1859 provides a method by which a judicial record may be obtained, formally declaring void, marriages which by the law are void and recited by the act itself to be void.  It is a means furnished by the legislature for rendering facts and their effect judicially certain.  It is in the nature of a proceeding in divorce.  It is in aid of the party injured, and its beneficial provisions should be invoked and carried out by the persons so unfortunately situated as to be in need of its aid.  We cannot concede, however, that a marriage void by reason of bigamy on the part of one of the parties is any the less void because proceedings were not brought under the act of 1859 to declare the marriage void.  The marriage of the respondent with William Lake was absolutely void.  She was thus free to marry the present libellant, who is not entitled to a decree of nullification of his marriage under the provisions of the act of April 14, 1859, inasmuch as the respondent had no lawful husband living at the time of her intermarriage with the libellant.  There are happily but few cases in the reports of this commonwealth, in which the principle involved has been discussed.  There are authorities, however, which we believe justify the conclusion reached: Kenley v. Kenley, 2 Yeates, 207; Heffner v. Heffner, 23 Pa. 104; Thomas v. Thomas, 124 Pa. 646.

Taking this view of the case, we need not discuss the effect of the conviction of Lake of bigamy, nor the argument skilfully presented by counsel for the appellant on this branch of the case.

The judgment is affirmed.