## Commonwealth v. White, Appellant.

*Husband and wife—Nonsupport—Former marriage of wife.*

In a proceeding under the Act of April 13, 1867, P. L. 78, for an order upon a husband for support, the defendant may show that the prosecutrix was married before she was married to himself, and that the first husband was still living and had never been divorced from her.

Argued Nov. 17, 1902. Appeal, No. 22, Jan. T., 1903, by defendant, from judgment of Q. S. Lackawanna Co., Feb. T., 1902, on order for nonsupport in case of Commonwealth v. J. R. White. Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Proceedings against husband for order for support. Before WEAND, J., specially presiding.

The facts are stated in the opinion of the Superior Court.

The husband applied for a divorce. The wife had him arrested for desertion. The court made an allowance for support pending the divorce proceeding.

*Error assigned* was the order of the court.

*C. Comegys*, with him *Walter S. Bevan*, for appellant.

*Frank E. Boyle*, for appellee.

OPINION BY W. D. PORTER, J., January 20, 1903:

This is a proceeding under the Act of April 13, 1867, P. L. 78, brought by Helen White against her husband, the defendant, to obtain an order upon him for her maintenance and support. The prosecutrix having testified that she had been married to the defendant, the appellant, on September 28, 1898, it was proposed to ask her on cross-examination whether she had not at the time of that marriage a former husband, Martin Fernans, in full life. The offer was: " To show that she (the prosecutrix) was married to Martin Fernans before she was married to the defendant, and that he is still living and is not divorced from her." The court sustained an objection to the admission of this evidence. The proceeding was not under the act of 1836 but under that of 1867; it was instituted by the wife, not by the children or by the overseers of the poor, and the rights and obligations of the parties, as between themselves, were dependent upon the contract of marriage: Commonwealth v. Richards, 131 Pa. 209. If the prosecution had been in behalf of the children or by the overseers of the poor, questions would have been presented which it is not now necessary to discuss. The right of the prosecutrix to have the relief which she sought was dependent upon whether she was the wife of the defendant. If when the marriage contract was entered into the prosecutrix had in full life a former husband, from whom she was undivorced, she was utterly powerless to make a valid contract of marriage, and her attempt to do so was entirely nugatory. The contract involved a violation of a prohibitive criminal statute and the wife did not thereby acquire the rights incidental to a lawful marital relation. Such a marriage does not, as between the parties, impose upon the innocent party to it the obligations and duties of a husband or wife: Kenley v. Kenley, 2 Yeates, 207; Heffner v. Heffner, 23 Pa. 104. When the innocent party to such a marriage discovers the truth, the law does not require that he or she shall continue an unlawful relation. This appel-

lant had separated himself from his wife, but under the provisions of the act of 1867, it was competent for him to show that that separation had not been without reasonable cause. The facts which the rejected testimony would have tended to establish would have constituted reasonable cause for the separation. It is true that the right of this appellant to wed again without first procuring a decree of divorce or annulment of the marriage may well be doubted: Harrison v. Harrison, 1 Philadelphia, 389; Howard v. Lewis, 6 Philadelphia, 50; Thompson v. Thompson, 10 Philadelphia, 131. The state has a vital interest in the purity of the marriage relation, and it seems to have been the legislative intention to require that those who have once married shall not while both are living enter into another alliance until the first marriage has been legally dissolved or its invalidity established by a judicial proceeding. The evidence which the court rejected ought to have been admitted, and the first assignment of error is sustained.

The evidence with regard to the manner in which the defendant obtained the written agreement of the wife, to release him from the duty to support her, was of such a character as to warrant a finding that it had been obtained by duress and imposition, and the remaining assignments of error are dismissed.

The judgment is reversed and a procedendo awarded.