## Swank, Appellant, *v.* Swank.

*Divorce—Cruel and barbarous treatment—Petition for alimony and counsel fees pendente lite—Allowance.*

The amount to be allowed on a petition for alimony and counsel fees pendente lite is within the discretion of the court.

Where the husband is suing and the wife is without means to defend the action, it would be denying her justice to refuse her the means of paying for process and professional aid, and reasonable maintenance during the course of the proceeding. It is entirely

proper for a court to make an order that the maintenance money shall be paid during the pendency of the proceeding, "or until the further order of the court." This cannot be construed to mean that the payment is to continue after the proceeding has come to an end. It only means that, in case the respondent should unreasonably delay the proceeding, the court may discontinue the allowance.

In an action for divorce it is not error for the court, in awarding alimony pendente lite, to disregard an agreement between the parties for the support of the respondent and her child, where it appeared that the agreement was only a temporary arrangement, and that the circumstances in which it was to be effective had ceased.

Argued May 5, 1920. Appeal, No. 2, April T., 1920, by libellant, from order and decree of C. P. Cambria County, June T., 1919, No. 154, making absolute a rule for alimony and counsel fees pendente lite in the case of Daniel E. Swank v. Ada M. Swank. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Libel in divorce. Before O'CONNOR, J.

Petition for alimony and counsel fees, pendente lite.

The court entered the following order:

And now, March 17, 1920, the rule for alimony and costs pendente lite and counsel fees is made absolute, and it is ordered that the libellant pay unto William A. McGuire, Esquire, the sum of one hundred and fifty dollars as counsel fees, as well as fifty dollars monthly for respondent's maintenance pendente lite and costs; the said maintenance pendente lite to date from October 1, 1919, and continue during the pendency of the divorce proceedings, or until further order of the court; the foregoing amounts to be paid to William A. McGuire, attorney for respondent, or until further order of the court; the foregoing amounts to be paid to William A. McGuire, attorney for respondent, on or before April 1, 1920.

*Error assigned* was the order of the court.

*James M. Walters,* for appellant.

*William A. McGuire,* for appellee.

OPINION BY PORTER, J., October 11, 1920:

The appellant brought an action for divorce against the appellee, who presented a petition for an allowance for counsel fees and maintenance, during the pendency of the proceeding. The court granted a rule to show cause why an allowance should not be made, the parties took testimony, and, after a hearing, the court made an order that the appellant pay to his wife the sum of $150 for counsel fees and costs incident to the proceeding and $50 a month for her maintenance. The libellant appeals from that order.

No final decree has been entered in this case and the appellee is not attempting to collect money for her maintenance after the termination of the proceeding in the court below. It is not contended that the monthly allowance for the maintenance of the wife, during the proceeding, exceeds one-third of the income of the appellant. The court below found upon sufficient evidence, that the wife was without property, that she had not the means necessary for her support. The appellant relies upon what he alleges was an agreement between him and his wife to live separate and apart, under the provisions of which he had agreed to pay to her a monthly sum less than that awarded by the court. The appellant in his testimony stated that the written agreement was only a temporary arrangement and that the circumstances in which it was to be effective had ceased. We have examined the agreement and there can be no doubt that the appellant's interpretation of it, when he was testifying, was correct. The written agreement recited that the appellant had left his wife, it did not suggest that she had agreed to the separation. The agreement cove-

nanted that: "In order to temporarily have my said wife, Ada M. Swank, refrain from instituting legal proceedings for desertion and nonsupport of herself and our two children, I do hereby covenant and agree to pay to her for the support of herself and our daughter Edna, the sum of $30 per month beginning March 1, 1919." Agreement then referred to certain debts which the plaintiff owed to the Penn Traffic Company's account and closed with the following covenant: "This to be and remain in full force and virtue until said debts are paid in full, when either of us shall then be at liberty to proceed legally against the other for any grievance or wrong or supposed grievance if so desired." The fact that all the debts referred to in the agreement have been paid being undisputed, its covenants had ceased to be effective for any purpose whatever. The appellant was entirely free to institute his action for divorce, and the appellee to seek the allowance of such reasonable counsel fees and provision for maintenance, during the proceeding as the circumstances of the parties warranted. The wife is not here seeking a divorce. The husband is suing and the wife is without means to defend the action. To deny her the means of paying for process and professional aid, and reasonable maintenance during the course of the proceeding, would be to deny her justice. The amount allowed by the court below is such as it was within its discretion to order. It was entirely proper for the court to make the order that the maintenance money should be paid during the pendency of the proceeding, "or until the further order of the court." This could not have been construed to mean that the payment was to continue after the proceeding had come to an end. It only meant that, in case the appellee should unreasonably delay the proceeding, the court might discontinue the allowance. This it was within its power to do: Waldron v. Waldron, 55 Pa. 235.

The order of the court below is affirmed and the appeal dismissed at the cost of appellant.