## Hullman v. Kauffman.

*Divorce—Annulment of bigamous marriage—Procedure—Act of April 14, 1859.*

1. A bigamous marriage must be annulled of record in due form of law before the parties thereto are free to separate and assume new marital obligations.

2. The Court of Common Pleas cannot annul a bigamous marriage upon motion showing that one of the parties has been convicted and sentenced in the Court of Quarter Sessions for bigamy.

3. The proceedings for the annulment of a bigamous marriage should be begun by petition or libel, and the petitioner must prove not only the guilt of the respondent, but that the petitioner was an innocent party to the bigamous marriage.

4. In such a case, the evidence can be taken in open court, or before a master, or by depositions, as the court may direct, with due notice to the respondent, as in divorce cases, so that he may appear and contest the case if he sees fit.

5. Where the wife is the petitioner, she should use her married name and not her maiden name in proceedings to annul her marriage contract.

Act of April 14, 1859, P. L. 647, considered.

Motion to annul a marriage. C. P. York Co.

*W. W. Van Baman,* for motion.

WANNER, P. J., Oct. 8, 1923.—Marian Kauffman, the second wife of Paul Kauffman, who was recently convicted and sentenced for bigamy, filed a motion in this court in her maiden name of Marian Hullman, for the annulment of the bigamous marriage contract existing between said parties because of said conviction and sentence, without the usual proceedings incident to the procurement of divorces. It is true that the statutes defining and punishing the offence of bigamy also declare the bigamous contract to be null and void: *Vide* Act of Jan. 12, 1705, 1 Sm. Laws, 29; Act of Sept. 19, 1785, 2 Sm. Laws, 343-345, and also section 34 of the Act of March 31, 1860, P. L. 392.

Prior to the passage of the Criminal Code of 1860, however, the Act of April 14, 1859, P. L. 647 (relating to void marriages), prescribed the procedure by which such marriages might be annulled in the Court of Common Pleas as follows: "In all cases where a supposed or alleged marriage shall have been contracted, which is absolutely void by reason of one of the parties thereto having a husband or wife living at the time, the Courts of Common Pleas shall have power to decree the said proposed or alleged marriage to be null and void, upon the application of an innocent or injured party, and the jurisdiction shall be exercised and proceedings conducted according to the principles and forms which are or shall be prescribed by law for cases of. divorce from the bond of matrimony."

Under the provisions of this act, the proceedings for the annulment of a bigamous marriage contract should be begun by petition or libel, and the petitioner would be obliged to prove not only the guilt of the respondent, but that she was an innocent party to the bigamous contract: Thompson *v.* Thompson, 10 Phila. 131; Klaas *v.* Klaas, 14 Pa. Superior Ct. 550; Com. *v.* White, 22 Pa. Superior Ct. 67-69.

The evidence in the case can be taken in open court or before a master or by depositions, as the court may direct, with due notice to the respondent of the several proceedings as in divorce cases, so that he may appear and contest the case if he sees fit. The petitioner should use her married and not her maiden name in proceedings to annul her marriage contract: Howard *v.* Lewis, 6 Phila. 5.

The passage of the Act of April 14, 1859, clearly indicates that it was not the intention of the legislature that the mere declaration of the statutes that

the bigamous marriage contract was null and void should be sufficient to cancel the marital obligations of the parties, and it has accordingly been held by the courts that the marriage contract must be annulled of record in due form of law before the parties thereto are free to separate and to assume new marital obligations: Griffith v. Smith, 1 Clark, 479; Wilhelmi v. Wilhelmi, 26 Pa. C. C. Reps. 312; Heinzman v. Heinzman, 15 Pa. C. C. Reps. 669; Ralston v Ralston, 13 Pa. C. C. Reps. 507; Thompson v. Thompson, 10 Phila. 131-133; Newlin's Estate, 231 Pa. 312.

Several lower court cases have been cited in which the bigamous marriage contract was declared to be void by the Court of Quarter Sessions as part of the sentence imposed for bigamy. But there is no specific authority for so doing in the statutes relating to the punishment of bigamy, nor do they confer upon the criminal courts any jurisdiction to grant divorces or to annul marriage contracts.

The passage of the Act of 1859, above cited, seems to be conclusive on this subject, and it has been so accepted and followed by the courts in cases above cited.

This proceeding by motion only is, therefore, irregular and not in accordance with the provisions of the Act of April 14, 1859, and it should be brought in the married and not in the maiden name of the petitioner.

For the reasons above assigned, the motion is refused and overruled.

NOTE.—This case will be found of record C. P. York Co., No. 85, Aug. T., 1923, under the name of Foley v. Foley.

From Richard E. Cochran, York, Pa.