## Baker, Appellant, *v.* Baker.

*Husband and wife—Marriage—Nullification—Bigamy—Act of April 14, 1859, P. L. 647.*

A person who marries another knowing at the time that the latter has a husband or wife living, is not an "innocent or injured party" within the meaning of the Act of April 14, 1859, P. L. 647, authorizing an annulment of said marriage. While the law does not in such circumstances legalize the void marriage, it refuses its aid to one who, having knowingly contracted such a marriage, later seeks a formal decree of nullification. In such case it leaves the parties as it finds them.

Under the provisions of the Act of 1859, it is proper to award a respondent contesting her husband's action for a decree of nullification, alimony and counsel fees.

Argued October 30, 1924. Appeal, No. 172, Oct. T., 1924, by libellant, from judgment of C. P. No. 5, Phila. Co., March T., 1924, No. 276, making absolute rule for alimony pendente lite and counsel fees in the case of Clifford H. Baker v. Catharine Frances Baker. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Petition to have marriage declared null and void under the Act of April 14, 1859, P. L. 647. Before MARTIN, P. J.

Rule for alimony pendente lite and counsel fees.

The opinion of the Superior Court states the case.

The court made absolute the rule and awarded respondent thirty-five dollars counsel fees and twenty-five

dollars per week alimony pendente lite. Libellant appealed.

*Error assigned* was in making absolute the rule.

*George J. Edwards, Jr.,* for appellant.

*T. Foster Thomas,* and with him *Joseph B. Thomas,* for appellee.

OPINION BY KELLER, J., February 27, 1925:

Where a marriage has been contracted by a person having a husband or wife living at the time, the courts of common pleas are authorized by the Act of April 14, 1859, P. L. 647, to decree the said supposed or alleged marriage to be null and void, subject to two qualifications: (1) The application for the decree must be made by an innocent or injured party; and (2) the jurisdiction is to be exercised and the proceedings conducted according to the principles and forms which are or shall be prescribed by law for cases of divorce from the bond of matrimony.

(1) We think the term "innocent or injured party" is to be taken in its common or general meaning, and refers to one who is free from blame or wrongdoing in the matter. A person who marries another knowing at the time that the latter has a husband or wife living, is not an "innocent or injured party" within the meaning of the act, and while the law does not in such circumstances legalize the void marriage, (Thomas v. Thomas, 124 Pa. 646; Heffner v. Heffner, 23 Pa. 104; Klaas v. Klaas, 14 Pa. Superior Ct. 550) it refuses its aid to one, who, having knowingly contracted such a marriage, later seeks a formal decree of nullification. In such case, it leaves the parties as it finds them.

(2) One of the principles established in our law with respect to actions of absolute divorce is that, pending the proceedings, a wife destitute of a separate estate

will be allowed a reasonable sum for alimony and for the expense of suing or defending the action: Powers' App., 120 Pa. 320; Breinig v. Breinig, 26 Pa. 161; Graves v. Cole, 19 Pa. 171; Waldron v. Waldron, 55 Pa. 231. "To deny her the means of paying for process and professional aid, and reasonable maintenance during the course of the proceeding, would be to deny her justice": Swank v. Swank, 75 Pa. Superior Ct. 112, 115. We are of opinion that under the provisions of the Act of 1859, this principle likewise applies to a wife contesting her husband's action for a decree of nullification under that act. The court below, therefore, committed no error in awarding the respondent reasonable alimony and counsel fees—the amount is not questioned,—pending the determination of appellant's proceeding.

The assignments of error are overruled and the decree is affirmed at the costs of the appellant.