## Jackson's Estate.

*Albert T. Bauerle,* for exceptants.

*William A. Pollard* and *James F. Masterson,* contra.

SINKLER, J., September 11, 1931.—The Auditing Judge did not err in admitting in evidence the testimony of the widow respecting the statements made to her by the supposed former husband and his wife. A careful reading of the testimony discloses that she testified that more than once the so-called husband and his existing wife both told her they had been married and separated without having obtained a divorce: Com. *v.* Mudgett, 174 Pa. 211.

The second question raised by the exceptions, however, presents greater difficulty. The exceptant contends that where a bigamous marriage has been contracted it must be annulled of record before the parties are free to remarry. A number of cases are cited by the exceptant in support of his argument, and some of them appear to be in point. Others, however, we do not find to be authority for the proposition of law which he seeks to sustain. In Griffith *v.* Smith, 1 Clark 479, it is held that a wife cannot treat her marriage as a nullity in an action commenced against her husband, although she alleges facts which, if true, would render the marriage void. Before she can sue him she must establish the nullity of the marriage by a judicial proceeding instituted for the purpose.

Counsel also refers to Hullman *v.* Kauffman, 4 D. & C. 507, and Com. *v.* White, 22 Pa. Superior Ct. 67, in which the question involved grew out of an order for support, where the defendant was permitted to show that the prosecutrix was married before she was married to himself, and Heffner *v.* Heffner, 23 Pa. 104. The law in this state is more correctly enunciated in Klaas *v.* Klaas, 14 Pa. Superior Ct. 550. In that case a woman had married an individual who had a wife living and was undivorced. The opinion of the Superior Court says:

"The marriage of the respondent with William Lake was absolutely void. She was thus free to marry the present libellant, who is not entitled to a decree of nullification of his marriage under the provisions of the act of April 14, 1859, inasmuch as the respondent had no lawful husband living at the time of her intermarriage with the libellant."

In Newlin's Estate, 231 Pa. 312, the question arose as to the status of an insane person who contracted a marriage and who afterwards, recovering her reason, procured a decree of annulment. We quote from the opinion of Broomall, J., which was sustained in a *per curiam* opinion of the Supreme Court:

"Where we think the reasoning of the auditor goes awry is that this marriage has been voided by virtue of the decree of annulment; whereas in fact it never had any legal existence."

A decree of annulment does not render void a contract which was void. It is no more than a judicial pronouncement as to a status which already exists.

Since in the present case the marriage of the widow with Walker was absolutely void by reason of the fact that he had a wife living from whom he was not divorced, the widow, without a decree of annulment, contracted a lawful marriage with the decedent in the present case and is entitled to her rights as his widow.

The Act of April 14, 1859, P. L. 647, enacts that where a supposed or alleged marriage shall have been contracted, which is absolutely void, by reason of one of the parties thereto having a husband or wife living at the time, the court of common pleas shall have the power to decree the said supposed or alleged marriage to be null and void upon the application of an innocent or injured party. The provisions of the act are not mandatory but permissive, enabling the injured party to obtain the benefit of a decree which shall be *res judicata;* and it, therefore, does not sustain the contention made in behalf of the exceptant.

The question as to the marriage of Inez Jackson to the decedent being void on account of her previous marriage not having been annulled was not raised before the Auditing Judge, and is, therefore, not the subject of any judicial finding by him in his adjudication.

The exceptions filed on behalf of Blauners have been withdrawn.

The exceptions filed against the widow's claim are dismissed and the adjudication is confirmed absolutely.

GEST and VAN DUSEN, JJ., did not sit.