## McClenen v. McClenen

*Maurice S. Levy*, for plaintiff.

*Scott & Connor*, for defendant.

SLOANE, J., September 11, 1939. — Petitioner, wife-respondent in this divorce proceeding, seeks counsel fee and temporary alimony of her husband-libellant. Defendant's counsel has agreed to the traditional counsel fee of $35. The question is whether respondent is entitled to alimony, and, precisely, whether an agreement between these parties does away with respondent's right to alimony.

Instead of a confession of faith equal to the forethought and sanctity of marriage, these parties, from marital dif-

ferences, made a separation agreement. The husband agreed to make certain payments to his wife, and for that it was agreed that, "the above payments are only in lieu of and in full settlement of all claims which the said Norma B. McClenen now has, or in the future may have, for support and maintenance of herself."

The agreement twice reached our Superior Court: Commonwealth ex rel. v. McClenen, 127 Pa. Superior Ct. 471; Commonwealth ex rel. v. McClenen, 131 Pa. Superior Ct. 293.

The answer and amended answer to the petition sets up the agreement, and raises as a defense to the petition for alimony the adjudication of the Superior Court, to which we have just referred.

We do not agree that the decision of the Superior Court is decisive of the present question. What the Superior Court did was to sustain the findings of the lower court that "there was no fraud practiced upon the petitioner, that she knew and understood the import of what she was signing when she signed the agreement in question, that nothing was hidden from her, and that there was a fair disclosure of all of the assets of the respondent [libellant here]." The Superior Court, under the pertinent principles, affirmed the agreement to be a valid and subsisting one, and sustained the Municipal Court's order dismissing a petition for support.

Our problem here as we see it is to determine whether the provision of this declaredly valid agreement above quoted is a bar to the wife-respondent's claim for *alimony*. The wife agreed that what she received from her separation agreement was to be "in full settlement of all claims" which she had or will have for her support and maintenance. Did the parties contemplate and include alimony within this provision? That is our question. They had a legal right so to agree: Hall v. Hall, 97 Pa. Superior Ct. 429, 437, 438; and the thing to be determined is whether or not a claim for alimony pendente lite is a claim for

"support" within the meaning of the separation agreement.

The theory of alimony (from the Latin term meaning to nourish or sustain) is support and maintenance based on the obligation of a husband to support his wife. See Koehler v. Koehler (No. 1), 73 Pa. Superior Ct. 41, 43, 44. That is why it is allowed regardless of the merits of the case. "Alimony is support money; the foundation for an award of alimony is the husband's obligation to support his wife, a duty that ends with his death": Watrous' Estate, 95 Pa. Superior Ct. 11, 14. It is true, as petitioner points out, that a claim for alimony is different in basis from a claim for a support order. In the latter case the quarter sessions court is simply concerned in preventing the wife from becoming a charge on the public. See Heilbron v. Heilbron, 158 Pa. 297, Commonwealth ex rel. v. Milne, 90 Pa. Superior Ct. 68, 73, 74, and Commonwealth v. MacMaster, 88 Pa. Superior Ct. 37. In the case of alimony pendente lite, the purpose of the court's order is "to provide support for the wife and to maintain her ability to exist and to contest the libellant's application for divorce": Bickel v. Bickel, 17 D. & C. 515, 516. The mere fact, however, that the public policy upon which these two types of claims are based is different in each case does not mean that both of them may not properly fall within the category of "claims for support and maintenance." Both claims are certainly based upon the fundamental duty of a husband to support his wife. That both types are clearly embraced by the words just quoted seems to be indisputable in view of language which the courts have used in referring to the nature of alimony pendente lite: Watrous' Estate, supra.

"The power to make the order is to be exercised for the purpose of *maintaining* the wife in a manner warranted by the station in life of the parties, during the period that the proceeding may with due diligence be prosecuted to a conclusion. . . . During the pendency of the proceeding she is entitled only to a reasonable allowance for her *main-*

*tenance"* (italics supplied) : Koehler v. Koehler (No. 1), supra, pp. 43 and 44.

It is apparent, then, that a claim for alimony pendente lite is either a claim for "support" or a claim for "maintenance." Regardless of which is the more proper label, petitioner's present claim is expressly renounced under the above-quoted provision of the separation agreement. That such agreements constitute a bar to subsequent proceedings for alimony has been frequently affirmed. See 19 C. J. 218, sec. 523.

Counsel for petitioner cites Swank v. Swank, 75 Pa. Superior Ct. 112, in support of his petition, but the agreement there was not a separation agreement and was temporary, remaining in force until certain debts were paid. The agreement here is different in its terms and application. In view of the separation agreement between the parties, the petition and rule for the payment of alimony pendente lite must be discharged.

We do not pass upon the question of expenses. No request for expenses is made, and under the law they are distinct from alimony or counsel fees: See Act of May 25, 1933, P. L. 1020, sec. 1, amending The Divorce Law of May 2, 1929, P. L. 1237, sec. 46, 23 PS §46; and considering the theory of alimony, to us there is accord in this separateness between alimony, counsel fees, and expenses. The one is the duty to support a wife, the other is so that a wife may defend and justice be done in the particular proceeding whether the wife be libellant or respondent.

"It has been the uniform practice to allow a wife destitute of a separate estate, who is either suing or defending a case of divorce, such reasonable sum as will enable her to carry it on. She cannot sue *in forma pauperis*, for she is not a pauper if she is the wife of a man who has property. To deny her the means of paying for process and professional aid is to deny her justice" : Breinig v. Breinig, 26 Pa. 161, 165. And see Kaufmann v. Kaufmann, 76 Pa.

Superior Ct. 603, 607, though decided before The Divorce Law, supra.

As to counsel fees, we hereby order the payment of the sum of $35.