## Plank v. Plank

*John P. Butt*, for libellant.

SHEELY, P. J., August 29, 1942.—In his report, the master calls attention to the fact that libellant alleged

in her libel that respondent was absent from the "habitation of the libellant" instead of from the "habitation of the injured and innocent spouse" as provided by The Divorce Law of May 2, 1929, P. L. 1237, and recommends that before a final decree be entered the libel should be amended in this particular. We will not discuss the propriety of a recommendation of this sort, but will pass directly to the question of whether the allegation of the libel was sufficient.

It is always better practice to allege the ground of divorce in the language of the statute, but a departure from that language is not fatal if the language used conveys the same meaning. Under The Divorce Law it is provided that it shall be lawful for the "innocent and injured spouse" to obtain a divorce when it shall appear that the other spouse, inter alia, "Shall have committed wilful and malicious desertion, and absence from the habitation of the injured and innocent spouse, without a reasonable cause, for and during the term and space of two years . . ." The term "injured and innocent spouse" appears twice (although the position of the adjectives is reversed) : first, in describing who may obtain a divorce; and second, in describing the habitation from which the deserting spouse must have been absent.

The only person who may obtain a divorce, on any ground, is the "innocent and injured spouse", and hence that condition is a necessary qualification to the authority of the court to grant a divorce in any case: Baker v. Baker, 84 Pa. Superior Ct. 544 (1925). It follows that, if libellant must be an innocent and injured spouse, an allegation that respondent was absent from the habitation of libellant is equivalent to an allegation that he was absent from the habitation of the injured and innocent spouse. The fact that libellant is an innocent and injured spouse forms no part of the charge against respondent, and that term is included in the definition of desertion merely as a descrip-

tion of the habitation from which respondent must have absented himself. There are many decided cases holding allegations of desertion defective because of inaccurate language or the omission of essential facts, but we have found no case requiring an allegation that the libellant is an innocent and injured spouse, whether the ground for the divorce be desertion or some other cause.

The real difficulty with this case is the failure of the testimony to describe fully the circumstances surrounding respondent's leaving. The master states that the testimony of libellant was "sketchy" but he held that the inadequacy of her testimony was cured by that of her brother. With this we do not agree.

Libellant testified that, after a quarrel concerning the respondent going with other women, he packed up and left. She was present when he packed his clothes but was not present when he left the house. The only conversation testified to was that respondent said that he would come and go as he pleased. The brother testified to the quarrel, stating that respondent came home while libellant was getting breakfast and when she asked where he had been he struck at her. "They got into an argument about him living with some woman, . . . then one word fetched on another and he said that he got another place to go and he could go at any time and he left". Later he came back and packed his clothes.

While the record shows respondent at fault in connection with the quarrel, it does not show that his leaving the house was with the intention of deserting his wife. The conversation during the quarrel and while he was packing his clothes is entirely omitted, and without it we cannot say that his leaving was not at the direction of his wife or that it was without her consent. The mere fact that there was a separation following a quarrel concerning the husband's conduct does not constitute desertion on his part.

And now, August 29, 1942, the record in the above case is referred back to the master for the purpose of taking additional testimony concerning the circumstances of the husband's leaving.