## Grant v. Grant

*Lewis Tanner Moore*, for plaintiff.
*S. Frank Laveson*, for defendant.

LEVINTHAL, J., May 17, 1950.—This is an action for annulment of an allegedly bigamous marriage. It is

the contention of plaintiff that on November 29, 1919, when the marriage ceremony between the parties took place, that defendant was lawfully married to one Clifton Whiticar.

There is no doubt that on November 22, 1913, a wedding ceremony had been performed in which defendant was the bride and Clifton Whiticar the groom. Plaintiff testified that he had no knowledge of the prior marriage until a few years ago when he was informed by one Sally Hudson, a relative of defendant, that Clifton Whiticar was the husband of his "wife". Sally Hudson testified on behalf of plaintiff that she met and spoke with Clifton Whiticar after the date of the second marriage ceremony.

Defendant testified that her alleged marriage to Whiticar was bigamous and void, because at that time he had a wife living, named Asa Whiticar; that she learned of the prior marriage of her "husband" Whiticar when he left her in 1915 and returned to Asa Whiticar. She further testified that she visited and confronted Asa Whiticar and confirmed for herself the fact of the prior marriage. Acting on the advice of an attorney, she thereafter considered herself unmarried to Whiticar. She also testified that sometime between 1915 and 1919 she learned that Clifton Whiticar had been killed in a dice game.

It is clear that if the first marriage were itself bigamous it was void and the second marriage was valid. It is not necessary to have a bigamous marriage judically annulled in order to permit the innocent party to contract a valid subsequent marriage: Commonwealth ex rel. Knode v. Knode, 149 Pa. Superior Ct. 563 (1942) ; Klaas v. Klaas, 14 Pa. Superior Ct. 550 (1900). In a suit for annulment on the charge of bigamy, plaintiff has the burden of proving that there was a preëxisting valid marriage and that it still subsisted at the time of the second marriage. There is, of course,

the presumption of the validity and the continuance of the first marriage, but there is also another presumption, and a stronger one, operating in favor of defendant; the presumption of the validity of the second marriage and the presumption of the innocence of defendant.

"The general rule therefore is that a second marriage ordinarily will be presumed valid, notwithstanding evidence that one of the parties to it had previously contracted a marriage with another. . . . The first marriage is supported by the presumption of the continuance of a relation once shown to have been in existence, but this presumption may be neutralized by the presumption of innocence of the party who remarries . . .": Freedman on Marriage and Divorce, sec. 83.

"In annulment, the heavy burden of establishing libelant's case by proving the existence of the first marriage at the date of the second marriage is not met by the mere presumption of the continuance of the first marriage, especially in the face of the law's presumption of innocence": Freedman on Marriage and Divorce, sec. 86.

Plaintiff has not met his heavy burden of proof in this case. We are satisfied that defendant's marriage ceremony with Clifton Whiticar was null and void. Plaintiff's testimony that he knew nothing of the first marriage until a few years ago was rebutted by defendant's more credible testimony that she had fully apprised him of that ceremony and of its invalidity prior to their marriage in 1919. Sally Hudson's testimony that she met and spoke with Clifton Whiticar after the second marriage is not worthy of belief, because cross-examination revealed that she could not properly describe Whiticar and that she was biased in favor of plaintiff, having received gifts of clothing from him. Moreover, in view of our con-

clusion that the marriage with Whiticar was itself bigamous and void, the fact that Whiticar was still alive is utterly immaterial.

Furthermore, the fact that this proceeding was instituted after many years of cohabitation, and only after a divorce proceeding instituted by plaintiff had been dropped by him, does not tend to substantiate his case.

Plaintiff having failed to meet the burden of proof which the law imposes upon him, his complaint must be dismissed.