## Baughman, Appellant, v. Baughman.

*Divorce—Insanity no ground for divorce—Acts of April 13, 1843, P. L. 233 and April 18, 1905, P. L. 211.*

Hopeless insanity is not ground for divorce in Pennsylvania.

The Act of April 18, 1905, P. L. 211, amending sec. 8 of the Act of April 13, 1843, P. L. 233, does make insanity a new ground of divorce.

Argued May 7, 1907.   Appeal, No. 87, April T., 1907, by libelant, from decree of C. P. Jefferson Co., Jan. T., 1905, No. 54, dismissing libel in divorce in case of Emma Rebecca Baughman v. Robert Isaac Baughman.   Before RICE, P. J., HENDERSON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Libel for divorce.   Before REED, P. J.
The opinion of the Superior Court states the case.

*Error assigned* was decree dismissing the bill.

*W. N. Conrad,* for appellant.—It is the intention of the Act of Assembly of April 18, 1905, P. L. 211, to make hopeless insanity a ground for divorce : Bray v. Bray, 10 Northampton, 167.

OPINION BY ORLADY, J., October 7, 1907 :

On August 28, 1905, a petition for a divorce was presented by the wife on the ground that her husband " became insane in August, 1887, and was confined under the Act of April 20, 1869, P. L. 78, in the Asylum for the Insane at Warren, Pa., where he remained until December, 1894 ; he was then transferred to the Asylum for the Chronic Insane at Wernersville, Pa., where he has been continuously confined for a period of more than ten years.   In November, 1900, he was adjudged, under the Act of June 13, 1836, P. L. 589, to be a lunatic without lucid intervals for more than thirteen years then last past ; a committee of his person and estate was appointed, who qualified and has continued in the discharge of his duties."   The court below dismissed the libel, and the only question presented by this record is, Is hopeless insanity a cause for divorce under

the amendment and supplement of the Act of April 18, 1905, P. L. 211, to sec. 8 of the Act of April 13, 1843, P. L. 233 ?

The provisions of the eighth section of the act of 1843 are not named or directly suggested by its title. The act contains ten distinct unrelated subjects in as many sections. The eighth section is as follows : " That in cases where the wife is lunatic or non compos mentis, the courts of common pleas of this commonwealth are invested with authority to receive a petition or libel for divorce, which may be exhibited by any relative or next friend of the wife ; and the affidavit required by the act concerning divorces may be made in the manner required by the act by such relative or next friend ; and all the provisions of the several acts relating to divorces shall apply to all applications made under the directions of this section. Provided, that the fact of lunacy of the wife and such circumstances as may be sufficient to satisfy the mind of the court as to the truth of the allegation shall be set forth in the petition ; and upon the hearing of the case before the court or upon an issue to be tried by the jury, the question of lunacy with every other matter of fact that is affirmed by one party and denied by the other, shall be heard and investigated in the manner prescribed by the provisions of the several acts concerning divorces."

All that can be claimed for this section in relation to divorce proceedings where the wife is a lunatic, is that to relieve the confusion among the English and American authorities on the right of an insane wife to institute an action for divorce, the courts of this commonwealth were invested with authority to receive the petition for divorce when exhibited by her relative or next friend, and to open the courts to her complaint, which to that time had been considered as closed, but it was added : " All the provisions of the several acts relating to divorces shall apply to all applications under the directions of this section." No new cause of divorce was declared, and it was distinctly provided that the fact of lunacy, and every other matter of fact should be heard and investigated as provided by the earlier statutes. " The truth of the allegation " refers no more to the fact of lunacy than it does to the actual cause for divorce as set out in the petition and established by the evidence. The section changed the practice only in such cases, and did not give a new cause for the action. It was but a reg-

ulation of the practice to be followed " where the wife is lunatic
or non compos mentis " in cases where such wife is a party
injured; as specified in the acts of March 13, 1815, 6 Smith's
Laws, 286, and the subsequent legislation, so as to have her case
heard and determined. It was urged by text-writers and in
decisions that, as single persons are not compelled to marry,
and the married can bring or defend divorce suits or not as
they choose, and since marriage can be entered into only through
the exercise of a competent understanding, can a married party,
whose reason has fled, be a plaintiff or defendant, acting either
independently or by guardian in a dissolution suit? If he can,
the law seems to have created an anomaly. If he cannot, then
the insanity of one of the parties has taken from the other the
rights which the divorce law gave, and it was contended that
in the light of principle there was no reason why a divorce suit
should not be carried on by or against an insane person, other
than would apply to any civil action of tort or contract. Di-
vorce, where there is cause for it, is the plaintiff's right. So it
was held that legislation may, from public considerations or out
of regard to what will often be the real interest of the party,
authorize a dissolution when urged by a guardian or next friend.
See 2 Bishop on Marriage and Divorce, secs. 304–308, and
cases cited.

To make this misfortune— the greatest that can befall us—
the ground of the next greatest wrong and injustice, would be
truly adding insult and injury to providential misfortune : 2
Cord on Rights of Married Women, sec. 944. In Matchin v.
Matchin, 6 Pa. 332, it was held that a wife's insanity is not a
bar to a divorce for adultery committed by her when she was
insane, but the ground for divorce in that case was her adul-
terous act, and not her insanity.

Nor does the Act of April 18, 1905, P. L. 211, in direct
terms make insanity of either party a ground for divorce.
It is an amendment of the eighth section of the act of 1843,
and extends the provisions of the former act to cases where
the husband is a hopeless lunatic or non compos mentis, and
provides for special procedure and the degree of proof re-
quired, but it goes no further. If, as contended by the appel-
lant (that an added, distinct and special cause of divorce, to
wit: insanity, was provided), it would not be necessary to

establish more than that particular fact, without regard to the guilt or transgression of the defendant, in order to entitle the libelant to a decree, but the statute requires much more than that.

Clause A requires that "All the provisions of the several acts relating to divorces shall apply to all applications made under this act." But it does not provide the character of the decree to be entered—whether a vinculo matrimonii or a mensa et thoro. If the insane party has committed any act, either before or after becoming insane, entitling the injured party to a divorce, he or she may be proceeded against upon that cause, but before instituting the proceeding a preliminary step is made necessary by the act of 1905, to wit: the appointment of a committee of such lunatic upon whom the summons shall be served, and who is then the proper person to defend the action.

Clause B provides that in addition to the fact of lunacy the mind of the court is to be satisfied as to the truth of the allegation, by the circumstances set out in the petition and verified by the affidavit of the petitioner ; and upon hearing in addition to the question of lunacy, there must be sufficient proof of every other matter of fact that is affirmed by one party and denied by the other. The allegation made, and the proof to sustain it, are separate and independent of the proof of lunacy, and refer to the ground or cause of divorce. Clause C is ambiguous, and the most that can be claimed for it is in defining the character and measure of proof required as to the insanity of the libelant before an action instituted on his or her behalf can succeed.

No preceding statute declared insanity to be a sufficient ground for divorce, nor is it made so by the act of 1905. If the legislature had intended to add another and distinct cause for divorce it would have said so in unmistakable language, and, until it is so declared, the eighth section of the act of 1843, as amended by the act of 1905, will be treated as relating to procedure only, and not as declaring a new cause of action.

The decree is affirmed.