# Newlin's Estate.

*Marriage—Divorce—Insanity—Void or voidable marriages—Conflict of laws—Foreign divorce.*

1. A woman who obtains a divorce in New York under a law which declares a divorce operative from the date of the decree does not preclude herself from showing in a proceeding in this state that she was a lunatic at the date of the marriage and therefore was never married.

2. Where at the time of a marriage ceremony one of the contracting parties is a lunatic the marriage is absolutely void. In such case a subsequent decree of divorce does not render the marriage void, as in fact the marriage never had any legal existence. The only function of the decree is to render the fact of nullity judicially certain.

Argued Feb. 7, 1911. Appeal, No. 4, Jan. T., 1911, by the Girard Trust Company and Arthur Newlin, Trustees, etc., from decree of O. C. Delaware Co., sustaining exceptions to auditor's report in Estate of DeLancey V. Newlin, deceased. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Exceptions to report of Isaac E. Johnson, auditor.

The facts of the case appear in the following opinion by BROOMALL, J., sustaining exceptions to auditor's report:

DeLancey V. Newlin at the time of his death was a resident of Delaware county, Pennsylvania. He died on April 28, 1900, leaving his last will and testament dated

March 31, 1900, which was duly proven. By his said will the testator made certain provision for his wife, Grace W. Newlin, so long as she should live and remain unmarried. On March 30, 1908, a marriage between the said Grace W. Newlin and Arthur Greenfield was celebrated. The account now filed by the trustees under the said last will and testament assumes that the provision made by the testator in favor of the said Grace W. Newlin has ceased by reason of said marriage. The report of the auditor is in favor of this assumption. If this be true, the exceptions should be dismissed; otherwise they should be sustained. The auditor correctly states the question involved between the accountants and the exceptant to be, whether or not the marriage contract entered into between the exceptant and Arthur Greenfield on March 30, 1908, constituted a legal marriage. The parties have agreed that at the time of the said marriage ceremony, the said Grace W. Newlin was a lunatic. It appears that Grace W. Newlin having been restored to mental capacity instituted a divorce proceeding against Arthur Greenfield in New York, which culminated in a final decree on July 16, 1909, annulling the said marriage by reason of the lunacy of the said Grace W. Newlin. It further appears that according to the laws of the state of New York a decree of annulment of a marriage for causes therein stated, including lunacy of one of the parties, takes effect from the date of the decree.

The parties have agreed that at the time of the said marriage ceremony, the said Grace W. Newlin was a lunatic. This being the fact the marriage was absolutely void: 2 Kent's Commentaries, 76. Where we think the reasoning of the auditor goes awry is that this marriage has been voided by virtue of the decree of annulment; whereas in fact it never had any legal existence. True that a decree is only efficacious from its date, but the function of the decree only is to render the fact judicially certain. If there had been no annulment proceeding in New York, it might be available to the exceptant to prove the nullity of her marriage. In other words, a nullity does not arise

from the decree of annulment, but follows as a necessary consequence from the fact agreed upon by the parties that she was a lunatic at the time it was performed.

The nullity of a void marriage may be shown in any legal proceeding where it is a pertinent matter: Heffner v. Heffner, 23 Pa. 104; Thomas v. Thomas, 124 Pa. 646; Wayne Twp. v. Porter Twp., 138 Pa. 181; Clark's Estate, 173 Pa. 451; Divvers's Estate, 22 Pa. Superior Ct. 436.

We have an analogous condition in Pennsylvania under the Act of April 14, 1859, P. L. 647, in respect to a decree of divorce where a marriage is absolutely void by reason of one of the parties thereto having a husband or wife living at the time. Provision is made in this act for a decree declaring the marriage null and void. The marriage is of course absolutely void, but the office of the decree is to have a record made of it, and to render it judicially certain. As was said by W. W. Porter, J., in Klaas v. Klaas, 14 Pa. Superior Ct. 550, "The act of 1859 provides a method by which a judicial record may be obtained, formally declaring void marriages which by the law are void and recited by the act itself to be void. It is a means furnished by the legislature for rendering facts and their effect judicially certain. It is in the nature of a proceeding in divorce. It is in aid of the party injured, and its beneficial provisions should be invoked and carried out by the persons so unfortunately situated as to be in need of its aid. We cannot concede, however, that a marriage void by reason of bigamy on the part of one of the parties is any the less void because proceedings were not brought under the act of 1859 to declare the marriage void."

We do not see that because Grace W. Newlin instituted proceedings for a divorce under a law which declared the divorce operative from the date of the decree of court, she has in any manner precluded herself from showing in this proceeding what she might have shown if there had been no such decree that she was a lunatic at the date of the marriage, and therefore was never married. The parties have in effect agreed that she was never married when they

agreed that she was a lunatic at the time of the marriage ceremony.

It therefore follows that the exceptant's exceptions which challenge the credits distributing the income to the daughter of the decedent, and which challenge the distribution made by the auditor to the same person must be sustained, which is accordingly done. Counsel will prepare a decree in accordance with the above opinion.

*Error assigned* was in sustaining exceptions to auditor's report.

*George Quintard Horwitz,* with him *George T. Butler* and *Samuel Crowther, Jr.,* for appellants.

*Albert J. Williams,* with him *Thomas M. Rowlette,* for appellee.

PER CURIAM, April 10, 1911:

The decree appealed from is affirmed on the opinion of the learned judge of the orphans' court.