Opinion
Per Curiam,
Doris Alexander, plaintiff herein, petitioned the Domestic Relations Division of the County Court of Philadelphia for support on July 22, 1963. She alleged that she lawfully married Port Alexander, the defendant herein, on November 11, 1961, and that the defendant then deserted her and failed to provide her with support.
A hearing on the above matter was held on November 18, 1963. Defendant noted that he wished to contest plaintiff’s right to receive support payments. At the conclusion of the hearing, the lower court entered a temporary support order which provided that defendant pay |18.00 per week to plaintiff. The lower court also granted defendant a continuance so that he could present additional evidence.
The lower court subsequently granted a continuance on its own motion on December 30, 1963 at a hearing at which neither counsel for defendant nor plaintiff appeared. Another hearing was scheduled for March 6, 1964. On that date, counsel for defendant requested another continuance and counsel for plaintiff stated that he did not object. The court stated: “We will allow a continuance of two months during which time if the husband has any proof, he may present it.” Apparently due to the inaction of the parties, the next hearing on this matter was held on November 17, 1967, over three years after the hearing held on March 6, 1964.
At the November 17, 1967 hearing, defendant attempted to prove that there was an impediment to his marriage to plaintiff on November 11, 1961, namely, that both parties were lawfully married to other *545 spouses on November 11, 1961, and neither party had obtained a divorce. Counsel for plaintiff asked for a continuance at the conclusion of the hearing and the lower court granted it. The lower court also stated that defendant had failed to comply with the temporary support order after June 30, 1964, and ordered defendant to pay $250.00 on account of arrearages or be committed for thirty days for being in contempt of a court order.
Defendant then filed an appeal to our Court, and the lower court entered an order on November 27, 1967, stating that the above appeal “shall operate as a supersedeas, provided that a bond be entered by the appellant in the sum of $500.00 with security to be approved by the Court.”
We commend the lower court’s patience in this case, but upon the state of the record before our Court, we cannot dispose of the matter without further findings of fact. We therefore remand the record with instructions to the lower court to hold continuous hearings forthwith for the purpose of taking additional testimony in order to decide whether the parties were lawfully married. If the lower court finds that the parties were lawfully married, it may then enter a final support order. On the other hand, if it finds that there was an impediment which precluded the consummation of a lawful and valid marriage, plaintiff herein shall not be entitled to support under the provisions of the Act of June 24, 1939, P. L. 872, §733, as amended, 18 P.S. 4733, and the temporary order of November 18, 1963 shall be revoked and all arrearages thereon be remitted. Furthermore, the enforcement of the order of November 17, 1967, shall be suspended pending determination of the issues here involved.