## Commonwealth ex rel. Alexander *v.* Alexander, Appellant.

Argued June 9, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Arneda J. Hazell,* for appellant.

*Edward P. Rosenberg,* for appellee.

OPINION PER CURIAM, September 11, 1969:
Order affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

Doris Alexander, plaintiff herein, petitioned the Domestic Relations Division of the County Court of Philadelphia for support. Ultimately, an appeal was taken to our court. The facts in that case are set forth in *Commonwealth ex rel. Alexander v. Alexander,* 212 Pa. Superior Ct. 543, 244 A. 2d 441 (1968). As is indicated in that opinion, defendant attempted to prove that there was an impediment to his marriage to plaintiff on November 11, 1961 in that both spouses were lawfully married to other spouses and that neither had obtained a divorce.

We remanded the case to the lower court to make a finding whether the parties were lawfully married. We further stated that: "If the lower court finds that the parties were lawfully married, it may then enter a final support order. On the other hand, if it finds that there was an impediment which precluded the consummation of a lawful and valid marriage, plaintiff herein shall not be entitled to support . . . ."

The order was in accord with two well-established doctrines: (1) that a meretricious relationship once established, is presumed to continue, although it can be converted into a valid and legal marriage after the obstacle is removed. *Pierce v. Pierce,* 355 Pa. 175, 49 A. 2d 346 (1946); *Wagner v. Wagner,* 152 Pa. Superior Ct. 4, 30 A. 2d 659 (1943); *Melnick v. Melnick,* 147 Pa. Superior Ct. 564, 25 A. 2d 111 (1942); *Cline's Estate,* 128 Pa. Superior Ct. 309, 194 A. 2d 222 (1937); *Grieve's Estate,* 165 Pa. 126, 30 A. 727 (1895); and (2) that in every action for support and maintenance, the

primary fact to be proved is an existing marriage between the parties. *Commonwealth ex rel. DeMarco v. DeMarco,* 166 Pa. Superior Ct. 69, 70 A. 2d 384 (1950).

In compliance with our remand, the lower court held a hearing at the conclusion of which the court found the "respondent's position that his marriage to the petitioner is invalid because he was married previous to the 'ceremonial' marriage to the petitioner herein, has not been sustained by the testimony presented."

Ordinarily, I would not dispute the findings of the lower court. Here, however, I believe that the court has overlooked highly persuasive evidence.

Respondent testified that he was married to one Loretha Vicks on July 5, 1952, in Pelham, Georgia. A certified copy of the marriage certificate in support of this statement was introduced into evidence. On August 9, 1967, a final decree in divorce was granted to respondent from Loretha Vicks by the Court of Common Pleas of Philadelphia County. A certified copy of the divorce decree was also introduced into evidence.

The parties in this case were married on November 11, 1961. The husband contends that "Since neither defendant nor Loretha Vicks Alexander secured a final decree in divorce between July 5, 1952, and November 11, 1961 . . . and Loretha Vicks Alexander is still alive and residing in Pelham, Georgia, there was an impediment which precluded consummation of a lawful and valid marriage between plaintiff and defendant . . .".

The trial court chose to disbelieve the evidence of the respondent.

The difficulty in the trial court's opinion is that it considers only the effect of the divorce proceedings. The essence of the court's opinion is that "it [the divorce decree] does not establish a prior marriage existing as of the date of the marriage with which we are

here—in this support order—concerned. . . . There is no testimony but a perjurer's testimony that this respondent was actually married in 1952."

This statement is inaccurate. Proof of the marriage in 1952 was established by introduction of the certified copy of the marriage certificate. Yet, the lower court, in its opinion, never even alludes to the certificate. In addition, there is nothing in the record to suggest that the marriage certificate was fraudulent or that the divorce decree was improperly obtained.

The uncontradicted evidence in my opinion, therefore, clearly sets forth sufficient evidence to establish that respondent was already married to Loretha Vicks when he entered into the ceremonial marriage with petitioner. It further reflects that the courts of our Commonwealth granted a divorce to respondent only after the second "marriage." For the court to ignore the factual evidence and assume that respondent is a liar whose testimony cannot be trusted under any circumstances constitutes an abuse of discretion. In the absence of any testimony establishing that respondent's 1952 marriage was invalid, dissolved or otherwise terminated by November 11, 1961, I believe that the court was required to find that the second marriage was invalid. Accordingly, I would reverse the order of the lower court and dismiss the petition for support.[1]

SPAULDING and CERCONE, JJ., join in this dissenting opinion.

---

[1] I can well agree with the learned lower court that one who has committed bigamy should not now be able to profit as a result by avoiding a duty of support. It would certainly be appropriate to consider whether there is an appropriate remedy which would provide support for a woman who has been fraudulently induced to marry a man already married.