## Krukowsky v. Krukowsky

*Donald W. Lehrkinder,* for plaintiff.

*I. B. Sinclair,* for defendant.

SAND, J., May 4, 1970.—This matter has arisen on amended preliminary objections of the wife to hus-

band's amended complaint in divorce or annulment. Husband having been declared an incompetent by this court, per Hon. Henry G. Sweney, some six weeks after his second marriage to defendant, this action in divorce or annulment has been brought on his behalf by his appointed guardian. As to the action in divorce, the amended complaint avers indignities, fraud and plaintiff's own incompetency, and as to annulment, his incompetency at the time of the purported marriage.

The wife's amended preliminary objections urge that: (1) neither an incompetent nor his guardian may bring an action in divorce or annulment, and (2) that plaintiff's own incompetency is not a ground for divorce or annulment.

Although there was statutory authority in this State permitting a non compos mentis wife to bring an action in divorce by her next friend, this act did not extend to the husband: Act of April 13, 1843, P. L. 233, sec. 8. Though there was some judicial confusion at first, the Act of April 18, 1905, P. L. 211, originally thought to extend the provisions of the Act of April 13, 1843, to a non compos mentis husband-libelant, was finally found to apply only to the procedure to be used where the *respondent* was insane: Hickey v. Hickey, 138 Pa. Superior Ct. 271, 274-75. Even the limited right provided to the wife-plaintiff by the Act of 1843 was stricken out of the Divorce Law: Act of May 2, 1929, P. L. 1237, sec. 1, et seq., 23 PS § 1, et seq. Nor is there any right handed down by the common law for a non compos mentis spouse or his representatives to bring an action in divorce a.v.m. See Baughman v. Baughman, 34 Pa. Superior Ct. 271, 273.

We hold, therefore, that the action in divorce a.v.m. must be dismissed.

We reach a different conclusion as to the action in annulment. Whereas the right to sue or defend upon grounds for divorce, like the right to enter or decline marriage, is thought to be a matter of personal choice and thus speaks to a status which is voidable only (see Baughman v. Baughman, supra), an annulment is merely declarative of an existing status. An annulment does not, in reality, annul a marriage; it declares that the marriage was void from the very beginning: Faivre v. Faivre, 182 Pa. Superior Ct. 365, 369, 370. Though we find no appellate decision specifically on this point, we hold that the annulment proceeding, being merely a method by which a judicial record may be obtained to declare void that which is already void (Klaas v. Klaas, 14 Pa. Superior Ct. 550, 553), is not a matter of choice personal to the parties to the meaningless marriage celebration, but may be exercised by a personal representative. See Faivre v. Faivre, supra. The common law supports this finding. See discussion in Freedman, Law of Marriage and Divorce in Pennsylvania, 2d Ed., §504.

Turning to the second argument, we believe that incompetency of plaintiff at the time of the marriage celebration has been alleged, and that a marriage performed while one of the parties is non compos mentis is a void marriage, to declare which the action in annulment is peculiarly suited. See Faivre v. Faivre, supra, at page 370.

Accordingly, we enter the following:

## ORDER

And now, May 4, 1970, it is ordered and decreed that the amended preliminary objections of defendant are sustained insofar as they pertain to the action in divorce a.v.m. and dismissed insofar as they pertain

to the action of annulment; the first count of plaintiff's complaint, in which a decree in divorce is prayed for, is dismissed; defendant is granted leave to file an answer to the second count of plaintiff's complaint.