Commonwealth ex rel. Keith *v.* Keith, Appellant.

Argued December 9, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Herbert Karasin,* for appellant.

No oral argument was made nor brief submitted for appellee.

Opinion by Hoffman, J., April 16, 1971:

Appellee and appellant were married in 1969. The parties separated soon after their baby was born, and appellee filed a petition for support on behalf of herself and the child. At the hearing, appellant attempted to prove that he had no obligation to support appellee because the marriage in question was void, since he had been married before and that first marriage had never been terminated. The lower court rejected this offer of proof and entered an order of twenty dollars per week as support for the wife and child. The appellant is appealing from this order.

The judge below held that appellant should have instituted annulment proceedings before he could successfully defend a support action on the basis of an alleged subsisting prior marriage. In support of this position, he cited *Commonwealth ex rel. DiDonato v. DiDonato*, 156 Pa. Superior Ct. 385, 40 A. 2d 892 (1945). In that case a support order was originally entered by agreement of the husband and wife. At the time of the entry of the original support order, the husband affirmed the validity of the marriage. Later, the husband began annulment proceedings and secured a final decree. He then filed a petition to vacate the support order, which was denied by the lower court. On appeal, this Court reversed, holding that the "annulment establishes the invalidity of a marriage finally and certainly." Id. at 390, 40 A. 2d at 894.

*DiDonato* is clearly distinguishable from the case at bar. In *DiDonato* the husband admitted the validity of the marriage relationship at the original support hearing, while in the instant case, the appellant denied that a valid marriage existed and attempted to prove the invalidity of the marriage. In addition, this

Court in *DiDonato* stated as dicta that at the original hearing the husband ". . . might have offered testimony of his prior subsisting marriage as a defense to his liability for support of relatrix." Id. at 387, 40 A. 2d at 894. Thus *DiDonato* actually stands for the proposition that a husband may use the invalidity of a marriage as a defense without the prior institution of annulment proceedings. See also *Watt Estate,* 409 Pa. 44, 185 A. 2d 781 (1962) (JONES, J.).

This view of the scope of a support hearing is consistent with the more recently expressed views of this Court. In *Commonwealth ex rel. Alexander v. Alexander,* 212 Pa. Superior Ct. 543, 244 A. 2d 441 (1968), we faced a situation directly analogous to the instant case. In *Alexander,* the defendant attempted to prove that his marriage was void because both parties were lawfully married to other spouses on the date of their wedding. This Court allowed the plaintiff to contest the support order at the hearing without first beginning annulment proceedings. We found, however, that on the record the case could not be disposed of without further findings of fact, and remanded the record for that purpose. *Alexander* is directly on point. The lower court should have considered whether the marriage in question was valid.

The order of the court below is vacated and the record is remanded for further proceedings at which appellant may present evidence to prove the marriage void. During the pendency of this hearing, we believe that appellant should be required to support his child. Therefore, without making a final determination of the issues presented, appellant is ordered to pay $15 per week as support for his child.

---

CONCURRING OPINION BY CERCONE, J.:

This is an appeal by defendant from the lower court's entry of a $20.00 per week order for support of

wife and child. Defendant had sought to prove during the lower court proceedings that his marriage to the petitioner was not a valid one, there subsisting a valid prior marriage between him and his first wife. The trial judge refused to permit defendant to introduce such a defense because there had been no decree of annulment of the marriage.

This assessment of the situation by the court below is contrary to the governing law, which is, ". . . that a marriage is void may be shown in any legal proceeding where it is a pertinent matter. Newlin's Estate, 231 Pa. 312, 314, 80 A. 255; Com. v. Mudgett, 174 Pa. 211, 253, 254, 34 A. 588; Maurer v. Maurer, 163 Pa. Superior Ct. 264, 270, 60 A. 2d 440." The decree of annulment which the court below found necessary would only have declared the invalidity of the marriage, a fact which exists independent of the decree. As stated in *Commonwealth ex rel. Knode v. Knode,* 149 Pa. Superior Ct. 563 (1942): "A decree of annulment in reality does not annul the marriage, for it does not speak only from its date; it merely declares that the marriage was void from the very beginning. It does not create a new status but, on the contrary, affirms that there has been no change in status. A nullity in law is not comparative, to be measured by degrees; it is absolute, implying that the thing has no legal existence. Such decree is no more than a declaratory judgment, judicially determining with certainty and finality that there never was a valid marriage." A void marriage is a nullity whether or not declared so by a decree of annulment, and that such nullity can be shown by the defendant in a support action has already been expressed in *Maurer v. Maurer,* 163 Pa. Superior Ct. 264, at 270, 271 (1948): "If void in Pennsylvania, the marriage was no less a nullity, regardless of whether so declared in an annulment proceeding. Klaas v. Klaas, 14 Pa. Supe-

rior Ct. 550; Com. ex. rel. Knode v. Knode, supra. . . The advantage given the libellant by the 1935 Act in permitting him to prosecute an annulment proceeding, is more seeming than real. Without a decree of annulment, under the cases above cited, the invalidity of the present marriage might be declared . . . in a proceeding brought by respondent for her support. . ."

. The court below, during the proceedings, questioned petitioner as to her knowledge of defendant's subsisting prior marriage, but, of course, such knowledge or lack thereof would be immaterial to the issue of the validity of her marriage to defendant. The subsisting prior marriage rendered defendant incompetent to enter into another valid marriage contract whether or not petitioner knew of such fact of incompetency.

The decision in *Commonwealth ex rel. DiDonato v. DiDonato*, 156 Pa. Superior Ct. 385 (1945), relied on by the court below, is in no way inconsistent with the law as here stated. Since the defendant in that case had secured a decree of annulment by the time of his second support hearing, the court relied on that decree of annulment as establishing the invalidity of the marriage, even though at the first support hearing defendant did not contest the validity of the marriage. The court there clearly pointed out that even at the original hearing the defendant "might have offered testimony of his prior subsisting marriage as a defense to his liability for support of relatrix."

. I would reverse the action taken by the court below and remand the matter for further hearing in which defendant could proceed with his defense of the invalidity of his marriage to petitioner.