Rosa C. VISCONTI

v.

The SECRETARY OF HEALTH, EDUCATION AND WELFARE.

Civ. A. No. 73–501.

United States District Court,
W. D. Pennsylvania.

April 19, 1974.

A. Glynn Batson, Pittsburgh, Pa., for plaintiff.

James Villanova, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION AND ORDER

SNYDER, District Judge.

The Defendant moved the Court pursuant to Rule 56, Fed.R.Civ.P., to enter Summary Judgment contending there is substantial evidence to sustain the action of the Secretary in denying Plaintiff status as a widow. This action was brought by the Plaintiff under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g),[1] to review a final decision of the Secretary of Health, Education and Welfare. On January 18, 1973, the Administrative Law Judge found that the Claimant, Rosa C. Visconti, was not entitled to Widow's Insurance Benefits as the legal widow of the deceased wage earner, Anthony Visconti, pursuant to Section 202(e)(1) of the Social Security Act, as amended. The Judge stated as follows:

"1. The deceased wage earner married Maria Alfano Visconti on September 20, 1914. He married Rosa C. visconti on August 21, 1943.

2. The deceased wage earner was domiciled in the State of Pennsylvania when he died on November 28, 1969.

3. The preponderance of the evidence of sufficient probative value establishes that deceased wage earner's marriage to Maria Alfano Visconti was never legally dissolved in accordance with Pennsylvania law.

4. Consequently, Maria Alfano Visconti, instead of the claimant, is the legal widow of the deceased wage earner under Pennsylvania law and within the meaning of section 216(h)(1)(A) of the Social Security Act, as amended."

The Claimant filed a Request for Review of the Decision of the Administrative Law Judge and the Decision of the Appeals Council on April 19, 1973, sustained the original holding. This became the final decision of the Secretary of Health, Education and Welfare.

42 U.S.C. § 402(e), Social Security Act § 202(e), provides for the payment of Widow's Insurance Benefits to the *widow* of an individual who dies fully insured, *if she is not married and has attained the age of sixty*. The term "widow" is defined as " * * * the surviving wife of an individual, but only if * * * (5) she was married to him for a period of not less than nine months immediately prior to the day on which he died, * * * " (42 U.S.C. § 416(c), Social Security Act § 216(c)). It is further provided in 42 U.S.C. 416(h)(1)(A) and (B), Social Security Act § 216(h)(1)(A) and (B):

"(A) An applicant is the wife, husband, widow or widower of a fully or currently insured individual for purposes of this subchapter if the courts of the State in which such insured individual is domiciled at the time such applicant files an application, or, if such insured individual is dead, the courts of the State in which he was domiciled at the time of death, or, if such insured individual is or was not so domiciled in any State, the courts of the District of Columbia, would find that such applicant and such insured individual were validly married at the time such applicant files such application or, if such insured individual is dead, at the time he died. If such courts would not find that such applicant and such insured individual were validly married at such time, such applicant shall, nevertheless be

1. 42 U.S.C. § 405(g) states in relevant part: "Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice * * * The Court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, . . . "

deemed to be the wife, husband, widow, or widower, as the case may be, of such insured individual if such applicant would, under the laws applied by such courts in determining the devolution of intestate personal property, have the same status with respect to the taking of such property as a wife, husband, widow, or widower of such insured individual.

(B) In any case where under subparagraph (A) an applicant is not (and is not deemed to be) the wife, widow, husband, or widower of a fully or currently insured individual, or where under subsection (b), (c), (f), or (g) of this section such applicant is not the wife, widow, husband, or widower of such individual, but it is established to the satisfaction of the Secretary that such applicant in good faith went through a marriage ceremony with such individual resulting in a purported marriage between them which, but for a legal impediment not known to the applicant at the time of such ceremony, would have been a valid marriage, and such applicant and the insured individual were living in the same household at the time of the death of such insured individual or (if such insured individual is living) at the time such applicant files the application, then, for purposes of subparagraph (A) and subsections (b), (c), (f), and (g) of this section, such purported marriage shall be deemed to be a valid marriage. The provisions of the preceding sentence shall not apply (i) if another person is or has been entitled to a benefit under subsection (b), (c), (e), (f), or (g) of section 402 of this title on the basis of the wages and self-employment income of such insured individual and such other person is (or is deemed to be) a wife, widow, husband, or widower of such insured individual under subparagraph (A) at the time such applicant files the application, or (ii) if the Secretary determines, on the basis of information brought to his attention, that such applicant entered into such purported marriage with such insured individual with knowledge that it would not be a valid marriage . . . ."

In addition, 20 C.F.R. 404.957(c)(2) provides that an initial determination may be reopened at any time when an adverse claim has been filed against the same earnings account.

On March 17, 1970, Rosa Visconti filed an application for Widow's Insurance Benefits on the account of the deceased wage earner, Anthony Visconti, and submitted evidence that she and the wage earner were married on August 21, 1943 in Washington County, Pennsylvania, and that the marriage had not been dissolved by divorce or annulment. Widow's Benefits under the Social Security Act were awarded to Rosa based upon that application. On August 13, 1971, Maria Alfano Visconti also filed for Widow's Insurance Benefits on the account of the same deceased wage earner, stating that she and the wage earner were married September 20, 1914, in Italy, and that the marriage had never been dissolved. Upon receipt of the second application the Social Security Administration reviewed the award of benefits on the application of Rosa C. Visconti. In its reconsideration, the Social Security Administration determined that the Plaintiff here was the "good faith" widow of the deceased wage earner (under § 216(h)(1)(B) of the Act) since she entered the marriage in good faith and lived in the same household as the wage earner at the time of his death. The Social Security Administration further held that Maria Alfano Visconti was the "legal" widow of the deceased wage earner (under § 216(h)(1)(A) of the Act), and that Rosa's benefits would therefore terminate.

The facts are that on September 21, 1914, the deceased wage earner, Anthony Visconti, also known as Antonio Visicionte, was married to Maria Alfano in Roseto Capo Spulico, Italy; in June of 1927, Anthony Visconti came to the United States. He never returned to Italy. On August 21, 1943, Anthony Vis-

conti and Rosa Conderato were married in Washington County, Pennsylvania. The first marriage had not been dissolved at the time of Anthony's death. In 1964, Rosa learned of Anthony's marriage to Maria Alfano and of his attempts to secure a divorce from Maria during the period 1953 through 1958 (ten years after the marriage to Rosa).

Although finding Rosa a "good faith" widow of the deceased wage earner, it nevertheless was determined that Rosa C. Visconti's benefits would be terminated under 42 U.S.C. § 416(h)(1)(B), Social Security Act § 216(h)(1)(B). This section provides that the entitlement of a widow who qualifies as such shall end with the month before the month in which the Secretary certifies that another person is entitled to benefits as the legal widow under 42 U.S.C. § 416(h)(1)(A), Social Security Act § 216(h)(1)(A).

█ As commanded by 42 U.S.C. § 416(h)(1)(A), we must look to the laws of the Commonwealth of Pennsylvania in which the insured was admittedly domiciled at the time of his death to determine the Plaintiff's legal status. See also: Bobb v. Secretary, Dept. of Health, Education & Welfare, 312 F. Supp. 225 (S.D.N.Y.1970) where the New York Court applied Pennsylvania law.

It is apparent under the law of Pennsylvania, Rosa cannot be deemed the legal widow for purposes of entitlement to the Widow's Insurance Benefits under the provisions of Section A. We quote from the Administrative Law Judge's Conclusions with approval as follows (at p. 9):

"According to Pennsylvania law, one having a wife and undivorced, is utterly incapable of contracting a valid marriage with another. Such an attempted marriage is absolutely void. Newlin's Est., 231 Pa. 312 [80 A. 255] (1911); Freidman, Law of Marriage and Divorce in Pennsylvania, 2nd Ed. Sec. 23, p. 46.

No matter how long or how innocent may be a woman's cohabitation with the bigamist as his wife, the first woman and not the second is his legal widow. Heslop v. Heslop, 82 Pa., 537, 540 (1877).

Any presumption of dissolution of the first marriage in favor of the second marriage may be overcome by countervailing proof where, as in the instant case, evidence was produced that no divorce was granted. McLaughlin's Estate, 314 Pa., 574, 577 [172 A. 107] (1934).

Claims to benefits under the Social Security Act, as widow of the decedent, were properly rejected where in view of decedent's undissolved prior valid marriage to another decedent was incapable of marrying the claimant. DiGiovanni v. Ribicoff, [109 U.S.App.D.C. 374] 288 F.2d 158 (1961)."

█ Our discussion cannot end here for under the provisions of Section B, Rosa might still be qualified where a "good faith" marriage ceremony was gone through between the purported husband and wife which would have been a valid marriage but for a legal impediment, unless "another person is or has been entitled to a benefit." The Administrative Law Judge, without any recital of findings or the evidence in substantiation thereof, concluded that Maria Alfano Visconti was the legal widow within the purview of Section A and, therefore, entitled to make the claim under Section 216(h)(1)(A) of the Social Security Act. At this point, Plaintiff's Counsel claims that the Administrative Law Judge's conclusions are not supported by substantial evidence because the Social Security Administration relied on documents *ex parte* from the Claimant, Maria Alfano, consisting of the Answer In Divorce signed by Maria Alfano, dated November 9, 1958, stating the facts concerning her marriage, denying that she had given her husband any cause for divorce and directing the Italian Consul to contest the divorce proceedings, including power of attorney therefor. In addition, there is also in Alfano made before the Consul General

the record a written statement of Maria of the United States on August 13, 1971, stating:

"1. I ignore the reason why my deceased husband Antonio Viciconte stopped writing. I received his last letters in June 1962. There was never any disagreement between us. He was planning to return to Italy, where he had a home, wife, and children, as soon as he would be eligible for a pension. In fact he never requested for me to join him in America, with the rest of the family, since he was planning to retire in his native land.

2. I was not aware that my husband remarried in the USA, since there was no reason for it. I was never informed and I was never sent any legal document, such as an annullment or marriage or a divorce decree.

3. I equally did not now about Mrs. Rosa Conderato. I found out about her existence reading the D/C sent to me by this Consulate." (Sic, errors in original).

The evidence is substantial that Maria Alfano Visconti was and is the widow of the deceased wage earner.

 Counsel for the Plaintiff contends that Maria Alfano does not qualify for Widow's Insurance Benefits under 42 U.S.C. § 416(h)(1)(A), Social Security Act § 216(h)(1)(A), because she is currently receiving a comparable form of benefits from the Government of Italy. Along with these Sections, 42 U.S.C. § 402(b)(1)(K) and (L), Social Security Act § 202(b)(1)(K) and (L), provides that the legal widow shall be entitled to wife's insurance benefits until " . . . (K) she becomes entitled to an old-age or disability insurance benefit based on a primary insurance amount which is equal to or exceeds one-half of the primary insurance amount of such individual, or (L) such individual is not entitled to disability insurance benefits and is not entitled to old-age insurance benefits." This Section does not apply in the present instance since the limitations set forth are applicable only to benefits payable under the Social Security Act and say nothing about payment paid under the similar system in Italy. Additionally, there is no limitation that the widow must be a United States citizen. Therefore, Maria Alfano Visconti is entitled to the benefits as the legal widow under 42 U.S.C. § 416(h)(1)(A), Social Security Act § 216(h)(1)(A), and the instant claim of Rosa C. Visconti must be denied.

Counsel for the Plaintiff also contends that the Regulations promoted by the Secretary are unconstitutional as applied to the Plaintiff because "to allow the Secretary's decision, unsupported by evidence, to stand deprives the Plaintiff of her right to receive Widow's Insurance Benefits and violates her Fifth Amendment right under the Constitution of the United States." However, since this Court makes the finding that the Secretary's decision is supported by substantial evidence, the basis of Counsel's argument falls.

The Defendant's Motion for Summary Judgment will, therefore, be granted and an appropriate order will be entered.