**Konevitch v. Hancock**

*Paige F. MacDonald,* for plaintiff.

BAYLEY, *J.*, October 21, 1993—Plaintiff, Stephanie Kim Konevitch, filed a complaint on July 8, 1992, against defendant, Robert Hancock. Plaintiff avers that she married defendant on March 4, 1991, in Edgefield, South Carolina. She further avers that "on or about March 8, 1985, the defendant married one April Marie Hancock in Tyler, Texas." Plaintiff avers that at the time she married defendant, the prior marriage "had not been annulled, nor has there been a divorce or any termination of the said marriage contract." Plaintiff alleges that "the defendant entered into a bigamous marriage with the plaintiff, the innocent and injured spouse, when the aforesaid former marriage was still subsisting." Plaintiff requests "that the alleged marriage between herself and the defendant be declared null and void, and that the court ... enter a decree of annulment."

Plaintiff has filed a praecipe to transmit the record containing an affidavit of consent by each party. In each affidavit, plaintiff and defendant state: "I hereby consent to the entry of a final decree of annulment." The issue presented is whether a decree of annulment can be entered by consent under the Divorce Code.[1] To resolve the issue we must review various sections of the Divorce Code and the applicable Pennsylvania Rule of Civil Procedure. Section 3301 of the code entitled, *Grounds for divorce,* provides in pertinent part:

"(a) *Fault.*—The court may grant *a divorce* to an innocent and injured spouse whenever it is judged that the other spouse has:

"(4) Knowingly entered into a bigamous marriage while a former marriage is still subsisting." (emphasis added)

---

1. 23 Pa.C.S. §3101 et seq.

Section 3301(c) provides:

*"Mutual consent.*—The court *may grant a divorce where it is alleged that the marriage is irretrievably broken* and 90 days have elapsed from the date of commencement of an action under this part and an affidavit has been filed by each of the parties evidencing that *each of the parties consents to the divorce."* (emphasis added)

Pennsylvania Rule of Civil Procedure 1920.42, provides that an appropriate decree may be entered when, inter alia:

"(a) If a complaint has been filed requesting *a divorce* on the ground of irretrievable breakdown and

"(1) *both parties have filed an affidavit* under section 3301(c) of the Divorce Code..." (emphasis added)

Section 3303 of the Divorce Code entitled, *Annulment of void and voidable marriages,* sets forth a general rule that:

"In all cases where a supposed or alleged marriage has been contracted which is void or voidable under this title or under applicable law, either party to the supposed or alleged marriage *may bring an action in annulment to have it declared void in accordance with the procedures provided by this part and prescribed by general rules."* (emphasis added)

Section 3304 entitled, *Grounds for annulment of void marriages,* provides:

"(a) *General rule.*—Where there has been no conformation by cohabitation following the removal of an impediment, *the supposed or alleged marriage of a person shall be deemed void* in the following cases:

"(1) Where either party at the time of such marriage had an existing spouse and the former marriage had not been annulled nor had there been a divorce except

where that party had obtained a decree of presumed death of the former spouse.... *(emphasis added)*

"(b) *Procedures.*—In all cases of marriages which are void, *the marriage may be annulled as set forth in section 3303* (relating to annulment of void and voidable marriages) or its invalidity may be declared in any collateral proceeding." *(emphasis added)*

Citing a pre-Divorce Code case of *Faivre v. Faivre,* 182 Pa. Super. 365, 128 A.2d 139 (1956), plaintiff maintains that the legislature adopted the expedient of setting forth a method of procedure for proceedings in divorce that apply by reference to an action in annulment. While there are similarities in procedure in the Divorce Code to both divorce and annulment, the procedure for the entry of a decree by consent is specifically limited in section 3301, and by Pennsylvania Rule of Civil Procedure 1920.42, to a decree in divorce. In her complaint, plaintiff has not alleged that her marriage is irretrievably broken. Nor has she sought a decree in divorce which she could have done upon an averment of a bigamous marriage under section 3301(a)(4) of the Divorce Code. Rather, she brought an action solely for an annulment under section 3304(a)(1).

The Statutory Construction Act of 1972, at 1 Pa.C.S. §1921(a) provides:

"The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all of its provisions."

Since the Divorce Code specifically limits decrees dissolving marriages by consent to divorces in irretrievably broken marriages, as does the corresponding Rule of Civil Procedure, we cannot by reference apply such a procedure to the entry of a decree in annulment because section 3303 of the code requires that plaintiff's

marriage be "declared void." There has been no hearing in this case to declare the marriage void, nor a stipulation of facts that would warrant such a finding, nor has such a determination been made in a collateral proceeding. See 23 Pa.C.S. §§3304(b) and 3306.[2] Accordingly, the following order is entered.

## ORDER

And now, October 21, 1993, the request of plaintiff for a decree in annulment at this time, is denied.

---

2. Section 3306 of the Divorce Code also allows for the validity of a marriage to be determined in an action for a declaratory judgment.