**LaVigne v. Wise**

C.P. of Monroe County, no. 3898 Civil 1998.

*William A. Watkins,* for plaintiff.

*Barbara H. Beringer,* for defendant.

WALLACH MILLER, *J.,* September 29, 1999—Plaintiff, Marcel LaVigne, and defendant, Joan Wise, were married among white sand beaches and sparkling Caribbean waters on December 6, 1996 in St. Ann's Parish, Jamaica. Prior to the wedding, plaintiff gave defendant a diamond engagement ring. About six weeks after the wedding, the couple separated and Wife filed a complaint under the Divorce Code requesting a civil annulment alleging she was induced into the marriage by fraud and that plaintiff had a sexually transmitted disease. Plaintiff did not oppose the annulment, which was entered by decree of the Honorable Elizabeth Ehrlich of the Court of Common Pleas of Berks County, Pennsylvania on December 31, 1997.

Plaintiff, former Husband, has commenced this action by filing a complaint on July 7, 1998 alleging that defendant is wrongfully in possession of his personal property, to wit: one diamond ring and one wedding band, and despite his demands that she return them, she hasn't. Count II alleges her wrongful retention of these rings resulted in an unjust enrichment to her and a detriment to the plaintiff in an amount slightly exceeding $8,000.

Defendant filed an answer on July 20, 1998 claiming the rings were a gift to her from the plaintiff and denying that she was in any way wrongfully withholding his property. Furthermore, in her answer she attached a receipt for the diamond ring showing its value at $4,600.

Plaintiff filed a motion for summary judgment on July 6, 1999 agreeing that the diamond was worth $4,600. He further alleged that there were no issues of material fact involved and he was entitled to summary judgment as a matter of law. Defendant filed an affidavit in support of

her motion wherein she included a copy of the receipt for the wedding ring showing its value at $799. She also attached a copy of the master's report in annulment as well as the decree granting the annulment.

Both parties filed briefs, and we heard oral argument on this motion on September 7, 1999. We are now prepared to dispose of plaintiff's motion for summary judgment.

The issues raised in this case are a first impression for this court, and after extensive research, perhaps for the Commonwealth of Pennsylvania as well. Under Pennsylvania Rule of Civil Procedure 1035.2, summary judgment is appropriate where no genuine issues of material fact as to a necessary element of the cause and action have been raised. The rule provides, in part, as follows:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law:

"(1) Whenever there is no genuine issue of any material fact as to a necessary element of the causes of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury."

Summary judgment should be granted only in the clearest of cases, where the right to it is free and clear from doubt. *Pennsylvania Gas and Water Co. v. Nenna and Frain Inc.,* 320 Pa. Super. 291, 467 A.2d 330 (1983);

*Weiss v. Keystone Mack Sales Inc.,* 310 Pa. Super. 425, 456 A.2d 1009 (1983). The party moving for summary judgment has the burden of demonstrating that no genuine issue of material fact exists and that he or she is entitled to summary judgment as a matter of law. *Thompson Coal Co. v. Pike Coal Co.,* 488 Pa. 198, 412 A.2d 466 (1979).

In this case, the material facts are not in dispute. Particularly, there is no dispute that plaintiff gave an engagement ring to the defendant some time prior to December 1996. There is no dispute that the parties were then married and plaintiff gave defendant a wedding ring. There is no dispute that they lived together approximately 40 days in Monroe County and soon thereafter defendant sought and was granted an annulment.

Our research uncovers that the gift of an engagement ring is subject to implied conditions, and if those conditions were not met, the law requires the rings return if the marriage did not take place. *Lindh v. Surman,* 702 A.2d 560 (Pa. Super. 1997). In this case, Mr. Lindh gave an engagement ring to Ms. Surman and later changed his mind and called off the wedding. Notwithstanding his cold feet, the court held that the ring was a conditional gift and he should be given the ring or its worth by Ms. Surman. Here, plaintiff argues that since the annulment voids the marriage, he is entitled to the rings.

The effect of an annulment is declarative of an existing status; it does not create a new relationship or sever a prior one. *Faivre v. Faivre,* 182 Pa. Super. 365, 128 A.2d 139 (1956). A decree of annulment in reality does not annul the marriage, as it does not speak only from the date of the annulment, it declares that the marriage was void ab initio—from the very beginning. It does not

create a new status, but, on the contrary, affirms that there has been no change in status. A nullity in law cannot be measured by degrees; it is absolute, implying that the thing had no legal existence. A decree in annulment is no more than a declaratory judgment, judicially determining with certainty and finality that there never was a valid marriage. *Commonwealth ex rel. Knode v. Knode,* 149 Pa. Super. 563, 27 A.2d 536 (1942).

Here, the parties actually did get married, and at that time the condition was met and defendant vested in the gift of the rings. However, as set forth above, the legal effect of an annulment makes the wedding a non-event, and any rights stemming therefrom are divested and void. The effect of the annulment returns the parties to that state they were in prior to the marriage—in this case, they were engaged. However, we can infer from defendant's actions requesting the annulment that she no longer wishes to be engaged to the plaintiff.

A civil annulment is a rarity in the Commonwealth these days. Research among the annals of Pennsylvania case law did not uncover anything specifically on point, however, our brethren in Ohio have dealt with this issue and as such, this is where we find precedent.

In *Zsigmond v. Vandemberg,* (1995 Ohio App. Lexis 5855), the Appellate Court of Ohio held that where a marriage between the engaged parties does occur but was subsequently annulled, the court may interpret this to mean that the marriage never occurred and may order the return of engagement gifts on the theory that they were conditional on the marriage and should be returned to the donor upon the termination of the relationship. The court further noted that state courts have generally held that an engagement ring is considered a conditional

gift, made in contemplation of marriage, and that when the condition of marriage is not fulfilled, the donee is required to return the ring to the donor unless the donor expressly tells the donee that she can keep it. In *Zsigmond,* the court ordered a big-screen television valued at over $2,000, which was given in contemplation of marriage, to be returned to the donor following the annulment of the marriage.

In the case we have before us, the rings were given in contemplation of marriage, and the record does not reflect any express promise by plaintiff to defendant with respect to the rings. As such, plaintiff is entitled as a matter of law to the return of the rings or their value.

While this court commiserates with defendant in light of her vicissitudinary situation, she has raised no material issues of fact. Accordingly, we enter the following order.

## ORDER

And now, September 29, 1999, plaintiff's motion for summary judgment is granted.